UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAM RESEARCH CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL L. FLAMM,<br><br>    Defendant. | Case No. 15-cv-01277-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF AMENDED COMPLAINT UNDER SEAL**<br><br>[Re: ECF 35] |

    Before the Court is Plaintiff Lam Research Corporation's administrative motion to file certain portions of its First Amended Complaint and supporting exhibits under seal. Pl.'s Mot., ECF 35.

    "Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Judicial records attached to dispositive motions are treated differently from records attached to non-dispositive ones. *Id.* at 1180. A party seeking to seal judicial records attached to non-dispositive motions need only show "good cause" under Federal Rule of Civil Procedure 26(c) to seal such records. *Id.* A party seeking to seal records in connection with a dispositive motion, however, bears a higher burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. It is this Court's practice to hold requests to seal portions of a complaint to the higher "compelling reasons" standard because the allegations in a complaint so often establish the merits of the case. *See Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF, 2014 WL 4145520, at *1 n.2 (N.D. Cal. Aug. 20, 2014); *Adema Technologies,*

*Inc. v. Wacker Chemie AG*, No. 5:13-CV-05599-PSG, 2013 WL 6622904, at *1 (N.D. Cal. Dec. 16, 2013); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008).

Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* at 1179. In this District, parties seeking to seal judicial records must furthermore follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added).

Here, Plaintiff seeks to seal one paragraph of its First Amended Complaint, small portions of Exhibit D to the First Amended Complaint, and the entirety of Exhibit E to the First Amended Complaint. Plaintiff argues and attests that the portions of the First Amended Complaint and Exhibit E sought to be sealed contain details regarding the structure of Plaintiff's confidential customer agreements that reveal the contracting parties' obligations and may put Plaintiff at a competitive disadvantage if disclosed to its competitors. Pl.'s Mot. 2; Decl. of Talin Gordnia ¶¶ 4, 8, ECF 35-1. Although Plaintiff argues that the "good cause" standard should apply to its request to seal this information, the Court finds that Plaintiff has sufficiently demonstrated that "compelling reasons" also support sealing and that the request is narrowly tailored. Likewise, Plaintiff's request to seal the portions of Exhibit D that reveal the identity of one of its customers is narrowly tailored and supported by compelling reasons. *See* Pl.'s Mot. 3; Gordnia Decl. ¶ 6. Plaintiff's administrative motion to file under seal is therefore GRANTED, and the following documents and portions thereof may remain under seal:

| Document | Sealed Portions of Document |
|---|---|
| Lam Research Corp.'s First Amended Complaint | Page 11, lines 27-28; Page 12, lines 1-4 |
| Exhibit D to Lam Research Corp.'s First Amended Complaint | Text marked by enclosure in a red text box on pages 1, 2, and 3 of the unredacted version of Exhibit D |
| Exhibit E to Lam Research Corp.'s First Amended Complaint | Entire document |

Plaintiff shall file into the record the public redacted version of its First Amended Complaint and all accompanying exhibits **by no later than September 8, 2015.** By that date, Plaintiff must also certify service of the unredacted version of the First Amended Complaint and exhibits on Defendant.

**IT IS SO ORDERED.**

Dated: September 2, 2015

_____
BETH LABSON FREEMAN
United States District Judge

3