**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LAM RESEARCH CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DANIEL L. FLAMM, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01277-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO FILE UNDER SEAL PORTIONS OF THE AMENDED THIRD-PARTY COMPLAINT**<br><br>[Re: ECF 83] |

On February 10, 2016, the Court denied without prejudice Defendant's request to seal portions of the First Amended Third-Party Complaint because Plaintiff, the party that designated this information as highly confidential, did not provide a declaration in support of the sealing motion. ECF 68. Plaintiff subsequently submitted the declaration of Talin Gordnia which provided reasons for sealing portions of the Third-Party Complaint. ECF 83.

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its

1  records." *Kamakana*, 447 F.3d at 1179.  Ultimately, "[w]hat constitutes a 'compelling reason' is

2  'best left to the sound discretion of the trial court.'"  *Ctr. for Auto Safety v. Chrslyer Grp., LLC*,

3  809 F.3d 1092, 1097 (9th Cir. 2016).  "Despite this strong preference for public access, [the Ninth

4  Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are

5  "tangentially related to the merits of a case," *id*. at 1101.  Parties moving to seal such records need

6  only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil

7  Procedure 26(c).  *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

8  According to Plaintiff, Page 3, lines 4, 15-17; Page 4, lines 2-3, 20-21; and Page 5, lines

9  10-11 of the Third-Party Complaint reflect confidential information of Plaintiff and the Third-

10 Party Defendants.  Decl. of Gordnia ¶ 4, ECF 83.  These portions of the Third-Party Complaint

11 disclose confidential business information and trade secrets that may negatively impact Plaintiff's

12 relationship with current and potential customers.  Because this material is sealable, Defendant's

13 request to redact this information is appropriate under Civil Local Rule 79-5(b). The Court has

14 reviewed the redactions and finds them to be narrowly tailored, as required by Civil Local Rule

15 79-5(d)(1)(C).  As such, Defendant's motion to portions of the amended Third-Party Complaint is

16 GRANTED.

17 **IT IS SO ORDERED.**

18 Dated: March 24, 2016

19 _____
BETH LABSON FREEMAN
20 United States District Judge