1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

LAM RESEARCH CORPORATION,

Plaintiff,

v.

DANIEL L. FLAMM, et al.,

Defendants.

Case No.  15-cv-01277-BLF

**ORDER SUA SPONTE SEVERING DEFENDANT AND THIRD-PARTY PLAINTIFF DANIEL L. FLAMM'S CLAIMS AGAINST THIRD-PARTY DEFENDANTS**

This declaratory judgment action seeking non-infringement of U.S. Patent Nos. 5,711,849, 6,017,221, and RE 40,264 started as an action between a seller of tools used to manufacture semiconductors and a patent owner.  It has since grown to include third-party claims against four of the manufacturer's customers, and generated two amended complaints, two answers, one amended third-party complaints, four answers to the amended third-party complaint, each with counterclaims, and four answers to the counterclaims.  In light of the complexity of this case, severing the claims against the manufacturer's customers will serve the ends of justice and further the prompt and efficient disposition of this litigation.  Accordingly, for the reasons stated at the case management conference on March 24, 2016 and herein, the Court SEVERS Third-Party Plaintiff Dr. Flamm's claims against each of the Third-Party Defendants.

## I.   BACKGROUND

Dr. Daniel Flamm is the owner and inventor of U.S. Patent Nos. 5,711,849, 6,017,221, and

1   RE 40,264, which claim methods used in manufacturing semiconductors.  Exhs. A-C to SAC, ECF

2   52-4-52-6.  Lam Research Corporation designs, manufactures, and sells semiconductor processing

3   tools that are used to fabricate semiconductors.  SAC ¶ 2, ECF 52-8; Ans. to SAC ¶ 2, ECF 66.

4          Around September 2014, Dr. Flamm's attorneys sent letters to some of Lam's

5   customers accusing them of infringing the patents-in-suit.  SAC ¶¶ 29-30, Ans. to SAC ¶¶ 29-

6   30.  Lam, alleging that it may be required to indemnify its customers, SAC ¶ 47, filed this action

7   seeking declaratory judgment of non-infringement by itself and its customers of the patents-in-

8   suit.  Dr. Flamm responded by filing a Third-Party Complaint against Lam's customers

9   GLOBALFOUNDRIES U.S. Inc., Intel Corporation, Maxim Integrated Products, Inc., and Micron

10   Technology, Inc (collectively, "Third-Party Defendants").  Third-Party Complaint, ECF 50-4.  Dr.

11   Flamm also filed a complaint in the Western District of Texas against Lam's customer Samsung

12   Electronics, Co., Ltd.  Case No. 1:15-cv-00613 (W.D. Tx.) at ECF 1.  Each of the Third-Party

13   Defendants has filed an answer and counterclaim to the Amended Third-Party Complaint seeking

14   a declaration of non-infringement and invalidity.  ECF 72, 74, 79, and 84.  Dr. Flamm answered

15   each of the counterclaims.  ECF 93-96.

16          In the midst of the foregoing, in August 2015, Lam filed five petitions for *inter partes*

17   review directed to all claims of the '221 and '264 patents.  The PTAB has instituted IPR on two

18   petitions that are directed at some of the claims of the '264 patent and instituted IPR on one

19   petition that is directed to five of the seven challenged claims of the '221 patent.  In January 2016,

20   Lam filed four additional IPR petitions that are directed towards the '849 and '264 patents.

21          Meanwhile, Dr. Flamm filed a motion to stay this action pending the resolution of the

22   Dr. Flamm's lawsuit in the Western District of Texas.  ECF 51.  Lam opposes the stay, Third

23   Party Defendants GLOBALFOUNDRIES and Maxim do not oppose a stay, Micron does not

24   oppose a stay but believes the Western District of Texas action should be stayed pending the IPR

25   proceedings, and Intel does not oppose a stay of the entire case but opposes any partial stay.  ECF

26   73, 76, 77, 88.  Dr. Flamm also filed a motion to dismiss all but one claim of Lam's Second

27   Amended Complaint for lack of subject matter jurisdiction.  ECF 64.

28          Finally, in the Western District of Texas, Samsung filed a motion to transfer that action to

United States District Court
Northern District of California

1   this Court.  Case No. 1:15-cv-00613 (W.D. Tx.) at ECF 37.  Dr. Flamm opposes the motion.  *Id*. at

2   ECF 38, 41. That motion is pending.

3        The parties in this action appeared before the Court on March 24, 2016 for a hearing on

4   Dr. Flamm's motion to stay and for an initial case management conference.  ECF 112, 113.  The

5   Court will issue a separate order on Dr. Flamm's motion to stay.

6   **II.    DISCUSSION**

7        Fed. R. Civ. P. 21 provides that "[o]n motion or on its own, the court may at any time, on

8   just terms, add or drop a party. The court may also sever any claim against a party."  Severed

9   claims and parties become independent actions that have separate judgments.  *Khanna v. State Bar*

10  *of Cal.*, Case No. 07-cv-2587-EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007).  The

11  Court has broad discretion to sever issues and may do so *sua sponte*.  *Id*.; *see also* 7 Charles Alan

12  Wright & Arthur R. Miller, Federal Practice and Procedure § 1689 (3d ed. 2015).  In determining

13  whether severance is appropriate, the Court considers factors such as whether there is a

14  complexity of legal theories and factual proof, whether the jury may be confused by the existence

15  of claims, cross-claims, and third party claims in the same trial, and whether severance will "serve

16  the ends of justice and further the prompt and efficient disposition of litigation."  *Khanna*, 2007

17  WL 2288116, at *2 (quoting *CVI/Beta Ventures v. Custom Optical Frames*, 896 F. Supp. 505, 505

18  (D. Md. 1995)); *see also* 4-21 Moore's Fed. Prac. Civ. § 21.05 ("The trial court thus has great

19  discretion to restructure an action to promote the efficient administration of justice.").

20       Here, the joinder of Third-Party Defendants GLOBALFOUNDRIES, Intel, Maxim, and

21  Micron will not promote judicial efficiency and will instead, create significant case manageability

22  issues.  Each Third-Party Defendant could raise different factual and legal defenses of non-

23  infringement and invalidity creating logistical headaches.  Moreover, each Third-Party Defendant

24  could file different motions, including dispositive motions, each raising unique factual and legal

25  issues that will have to be analyzed separately.  *See, e.g. Hard Drive Productions, Inc. v. Does 1-*

26  *1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011).  The Court would face "scores of mini-trials

27  involving different evidence and testimony."  *Id*.  The Court's concerns have already come to

28  fruition as the Dr. Flamm's motion to stay has generated five different filings, advocating four

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   different positions.  *See* ECF 51, 73, 76, 77, 88.

2          Furthermore, there would be significant issues with discovery and at trial.  As Dr. Flamm

3   recognizes in his motion to stay, the Third-Party Defendants are competitors "who fiercely

4   safeguard their manufacturing processes from one another and the world."  Mot. to Stay at 5-6,

5   ECF 51.  "[I]f this action proceeds with all of them…they will be required to divulge their trade

6   secrets to one another in discovery and trial."  *Id*. at 6.  Allowing this case to proceed in such a

7   manner would violate the "principles of fundamental fairness" and prejudice the Third-Party

8   Defendants.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).  While, as Dr.

9   Flamm also recognizes, the Court could reduce the risk that trade secrets would be disclosed to

10  competitors through protective orders and bifurcating this matter for separate trials, Mot. to Stay at

11  6, ECF 51, the Court finds severance would eliminate the risk of disclosing trade secrets while

12  allowing this matter to go forward in an orderly fashion.

13         Accordingly, it is more efficient to have a separate case for each Third-Party Defendant

14  with separate motion hearings and discovery proceedings.  Given these considerations, the Court

15  finds that all of the claims against the Third-Party Defendants shall be severed from this

16  proceeding.

17  **IV.   ORDER**

18         For the foregoing reasons, IT IS HEREBY ORDERED that:

19  1.  Third-Party Plaintiff Dr. Flamm's claims against each of the Third-Party Defendants are

20      SEVERED but remain pending in this Court.  The clerk of the court SHALL assign to a

21      new case number for each of the following actions:

22          a.  Dr. Flamm's claims against GLOBALFOUNDRIES U.S. Inc.

23          b.  Dr. Flamm's claims against Intel Corporation.

24          c.  Dr. Flamm's claims against Maxim Integrated Products, Inc.

25          d.  Dr. Flamm's claims against Micron Technology, Inc.

26      The Court finds that Third-Party Plaintiff Dr. Flamm's claims against each Third-Party

27      Defendant are related to this action.  Therefore, the new case numbers shall end in "BLF."

28  2.  Dr. Flamm is shall pay the filing fee for each action against GLOBALFOUNDRIES, Intel,

4

Maxim, and Micron.

3.  Dr. Flamm is ORDERED to file new complaints in the severed cases by April 22, 2016.

4.  The claims between Lam and Dr. Flamm remain pending in this case.

**IT IS SO ORDERED.**

Dated: March 30, 2016

_____
BETH LABSON FREEMAN
United States District Judge